**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 05-4042**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER DALE ESSICK, JR.,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr.,
District Judge. (CR-03-417)

―――――――――――

Submitted: June 10, 2005                  Decided: July 12, 2005

―――――――――――

Before WILKINSON, LUTTIG, and MICHAEL, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE
UNITED STATES ATTORNEY, Greensboro, North Carolina; Robert Albert
Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem,
North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roger Dale Essick, Jr., appeals his forty-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000).  On appeal, he argues that the district court's calculation of his criminal history category violated his Sixth Amendment right to a jury trial under Blakely v. Washington, 124 S. Ct. 2531 (2004), and that the district court erred in treating the sentencing guidelines as mandatory.  For the reasons set forth below, we affirm.

Essick argues that Blakely brings into question the viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that prior convictions are merely sentencing enhancements, rather than elements of the offense).  He contends that the district court erred by placing him in criminal history category IV when the indictment did not charge that he had been convicted of prior crimes, and the court thus violated his right to have facts that increase the maximum sentence be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt.

In Almendarez-Torres, the Supreme Court held that the government need not allege in its indictment or prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing

a sentence.  523 U.S. at 233-35.  In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2005), the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>, and the Court recently reaffirmed its holding in <u>Apprendi</u>.  <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005).  We therefore conclude that the district court properly considered Essick's prior sentences in calculating his criminal history category.

Essick also contends that the district court erred in treating the sentencing guidelines as mandatory in determining his sentence.  Because he did not raise an objection to the application of the guidelines as mandatory before the district court, this court reviews for plain error.  <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993).

In <u>United States v. White</u>, 405 F.3d 208 (4th Cir. 2005), we held that treating the guidelines as mandatory was error and that the error was plain.  <u>Id.</u> at 216-17.  We noted, however, that in order for a defendant to show that the error affected his substantial rights, he must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed."  <u>Id.</u> at 224.  We have reviewed the record and find no

- 3 -

nonspeculative basis on which to conclude that the district court would have sentenced Essick to a lesser sentence had it proceeded under an advisory guideline regime. Thus, we find that Essick has failed to demonstrate that the plain error in sentencing him under a mandatory guidelines scheme affected his substantial rights.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED